# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEUGRE S. NEHAN, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> LOCAL UNION NO. 1- ) <br> BAKERY, CONFECTIONERY, ) <br> TOBACCO WORKERS and ) <br> GRAIN MILLERS INT'L UNION, ) <br> AFL-CIO-CLC, and ROGERS ) <br> JONES, ) <br> Defendants. ) <br> ) | Case No: 12CV5274 <br><br> District Judge Edmond E. Chang <br> Magistrate Judge Susan E. Cox |

## ORDER

We hereby grant, in part, defendants' motion to compel responses from non-party Tootsie Roll Industries, LLC to requests outlined in defendants' Rule 45 Subpoena [63]. Defendants' request for costs and attorney fees incurred in presenting this motion, however, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), is denied.

## STATEMENT

Defendants have filed a motion to compel responses from non-party Tootsie Roll Industries, LLC ("Tootsie Roll"), to requests outlined in their Rule 45 Subpoena. (Tootsie Roll is plaintiff's former employer, who had entered into a collective bargaining agreement with the union defendant in this case, Local Union No. 1). Defendants narrowed their requests to the following two categories of documents: (1) Tootsie Roll's shipping and receiving department's forklift usage records for June 4, 2010; (2) Tootsie Roll's forklift and motorized pallet jack usage records for plaintiff Beugre Nehan from May 1, 2010 to August 31, 2010. Tootsie Roll now argues that these subpoena requests impose an undue burden on it because the records are kept in paper form only, and each piece of equipment is used by several different employees each day,

thereby creating "multiple" usage records. It also argues that defendants have not sufficiently articulated their need for these records.

We first address the latter point. For plaintiff to establish his Title VII claims against defendants he will have to show, as one element of his claim, that the defendant Union discriminated against him because of his race or national origin, or alleged disability. Plaintiff's allegations include a claim that on June 4, 2010, Tootsie Roll reassigned a forklift that he had been using to a coworker, thereby treating that coworker – John Maka – more favorably than it treated him. But plaintiff also answered an interrogatory, under oath, stating that Tootsie Roll treated a different employee – Rick Cruz – more favorably. Defendants simply want to verify who Tootsie Roll provided the forklift to on June 4, 2010. This evidence could assist defendants in defending themselves from allegations that a similarly situated individual from a non-protected class was treated more favorably. To this point, we agree.

Defendants also seek equipment usage records for the 4 month period noted because plaintiff alleges that, because of defendants' failure to file a grievance on June 4, 2010, he had to work without a forklift. And in the litigation with plaintiff's former employer, plaintiff asserted under oath that he was told not to use the forklift so he did not use it again. Here, defendants seek to confirm whether plaintiff used a forklift before and after June 4, 2010. Tootsie Roll argues that defendants should just ask plaintiff in a deposition, or rely on the pleadings in the plaintiff's case against Tootsie Roll, where apparently there is already sworn testimony on this subject. But defendants assert that they already have plaintiff's testimony that he did not use the forklift. They merely want to confirm that was truthful.

The next issue is whether responding to these requests would create an undue burden on Tootsie Roll. To this point we agree with defendants. Tootsie Roll has failed to articulate how

the records are maintained other than to state that they are in paper form. We do not know whether the documents are in boxes, how they are organized or stored, and simply have no way of weighing the burden of compliance.[1] Tootsie Roll only argues that these documents would be difficult to "wade through." Defendants have also offered to alleviate the burden on Tootsie Roll by offering to go through the documents themselves, and copy the documents or make arrangements to have the documents copied. But Tootsie Roll claims that this would not alleviate the hardship it would suffer because it would have to first find and gather the documents, review them, and monitor defendants while they inspect them. The problem, again, is that Tootsie Roll does not explain why it would need to have such a hands-on approach to this process.

Finding that defendants have sufficiently articulated a need for this information, and without good reason to find that compliance with defendants' subpoena is overly burdensome, we grant defendants' motion [dkt. 63]. We, however, deny defendants' request for attorney fees and costs incurred in the presentment of this motion.


Date:  10/29/13                                         /s/Susan E. Cox_____
                                                        U.S. Magistrate Judge

---

[1] *See Thayer v. Chiczewski,* 257 F.R.D. 466, 469-70 (N.D. Ill. 2009)(noting the case specific inquiry required to determine whether a subpoena imposes an undue burden, including the balancing of compliance against the benefits of production).