# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEUGRE S. NEHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12-cv-05274 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| LOCAL UNION NO. 1- BAKERY, ) | |
| CONFECTIONERY, TOBACCO ) | |
| WORKERS AND GRAIN MILLERS ) | |
| INTERNATIONAL UNION, ) | |
| AFL-CIO-CLC and ROGER JONES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Local Union No. 1 - Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC (the "Union") and Roger Jones seek dismissal of Plaintiff Beugre Nehan's complaint in this discrimination action on *res judicata* grounds. Specifically, Defendants contend that the dismissal of a lawsuit that Nehan filed in Illinois state court for want of prosecution was a final judgment on the merits that bars further litigation of his claims in federal court. Because this Court finds no support for the proposition that an Illinois court's dismissal for want of prosecution constitutes an adjudication on the merits, Defendants' motions to dismiss the complaint in this case for failure to state a claim (Dkt. Nos. 86, 88) are denied.

## BACKGROUND[1]

Nehan began his employment with Tootsie Roll Industries, LLC ("Tootsie Roll") in 2002. While employed there, Nehan was a member of the Union and the terms of his

---

[1] For the purposes of Defendants' motions to dismiss, the Court accepts as true all well-pleaded allegations set forth in the complaint and draws all reasonable inferences in favor of Plaintiff. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

employment were governed by a collective bargaining agreement between the Union and Tootsie Roll. In June 2010, Nehan filed a charge of discrimination with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission, alleging that the Union had failed to pursue on his behalf a grievance against Tootsie Roll relating to his claims of disability. Nehan's charge asserted that the Union's failure to represent him was based on his race. Tootsie Roll terminated Nehan's employment in August 2010.

In December 2011, Nehan filed a complaint against the Union in the Circuit Court of Cook County, Illinois, alleging that the Union's failure to pursue his grievance was discriminatory and a violation of the Illinois Human Rights Act. In July 2012, Nehan filed this action in federal court against the Union and his former union steward, Jones, again alleging that the failure to pursue his grievance was because of his race but this time claiming relief under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Americans With Disabilities Act. After he filed his case in federal court, Nehan's state court action was dismissed for want of prosecution on November 5, 2012.

Defendants now seek dismissal of Nehan's complaint in this action for failure to state a claim. In their motions, Defendants initially claimed that Counts II, III, and IV of the complaint are insufficient to state claims for race and disability discrimination. However, they have since narrowed their arguments for dismissal to a single premise: that these proceedings are barred by principles of *res judicata* due to the dismissal of Nehan's state court action for want of prosecution. (Defs.' Reply Br. at 1, Dkt. No. 101.)

## DISCUSSION

Defendants acknowledge that Section 13-217 of the Illinois Code of Civil Procedure, 735 ILCS § 5/13-217, permits a plaintiff whose action has been dismissed for want of prosecution to

2

refile that action before the expiration of the statute of limitations or within one year of the dismissal, whichever is greater. Nehan's state court action under the Illinois Human Rights Act was governed by a provision that required him to file a civil complaint within 90 days of receiving notice that the Illinois Department of Human Rights had dismissed his charge. 775 ILCS § 5/7A-102(D)(3). Nehan's state court complaint, while silent on the date that he received the dismissal notice, alleged that the notice was issued on September 8, 2011. (Epstein Decl. Ex. 1, Dkt. No. 90.) Accordingly, Defendants argue that at the time of the November 2012 dismissal of Nehan's state court claim, the statute of limitations for that claim had expired and the permitted time for refiling was Section 13-217's one-year period. (Union Mem. in Supp. of Dismissal at 7, Dkt. No. 89.) Defendants further contend that the dismissal of Nehan's state court claim became final one year later, and that once final, the dismissal became a judgment that barred further litigation of the ongoing action here.

The preclusive effect in this Court of an Illinois state court's disposition of a claim is determined by Illinois law. *Dookeran v. Cnty. of Cook, Ill.,* 719 F.3d 570, 575 (7th Cir. 2013). In Illinois, *res judicata* bars a claim only if three elements are present: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of the causes of action; and (3) identity of the parties or their privies. *Nowak v. St. Rita High School,* 197 Ill. 2d 381, 390 (2001). In this proceeding, the parties dispute only whether the state court dismissal was a final judgment on the merits.

A dismissal for want of prosecution is not considered a judgment on the merits under Illinois law. To the contrary, "it is clear that a dismissal for want of prosecution in Illinois is considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues." *Olson v.*

3

*Dwinn-Shaffer and Co.,* 114 Ill. App. 3d 925, 927 (1983) (citing *Franzese v. Trinko,* 66 Ill. 2d 136, 140 (1977)); *see also In re Marriage of Brown,* 225 Ill. App. 3d 733, 739 (1992); *E & B Marketing Enterprises, Inc. v. Ryan,* 209 Ill. App. 3d 626, 628 (1991). In this respect, Illinois state law differs from federal law as reflected in Rule 41(b) of the Federal Rules of Civil Procedure, which expressly provides that a dismissal for failure to prosecute is presumed to operate as an adjudication on the merits. *See Martin-Trigona v. Gouletas,* 105 Ill. App. 3d 28, 30-31 (1982).

Defendants argue that a dismissal for want of prosecution is construed as a judgment on the merits in Illinois by operation of Illinois Supreme Court Rule 273, which provides that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits." But Illinois courts have expressly held that Section 13-217 is a statute that "otherwise specifies" and makes Rule 273 inapplicable to dismissals for want of prosecution. *Kutnick v. Grant,* 65 Ill. 2d 177, 180-81 (1976); *see also Kraus v. Metro. Two Ill. Ctr.,* 146 Ill. App. 3d 210, 212-13 (1986).

Defendants have identified no Illinois precedent pursuant to which a dismissal for want of prosecution has been given preclusive effect in a separate action. They cite *Novickas v. Proviso Twp. High Sch. 209*, No. 09-cv-3982, 2010 WL 3515793 (N.D. Ill. Aug. 31, 2010), as support for dismissal. But while the *Novickas* court found that a state court judgment had preclusive effect upon a parallel action, the state court disposition was a dismissal "with prejudice," which, unlike dismissals for want of prosecution, operates as a decision on the merits under Illinois law. *Id.* at *3. *Novickas* thus offers no support for Defendants' arguments here.

Given the lack of precedent supporting Defendants' position, this Court is unpersuaded that the dismissal of Nehan's state court action for want of prosecution bars his claims in this Court.

## **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss the Second Amended Complaint (Dkt. Nos. 86, 88) are denied. Defendants shall answer the Second Amended Complaint within 14 days of the entry of this Order.

Entered:

Dated: June 18, 2014

_____
Andrea R. Wood
United States District Judge